UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

BARBARA PEAK,

    Plaintiff,

v.                                                             CV-99-J-1064-J

WALKER COUNTY,
ALABAMA, et al.,

    Defendants.

## MEMORANDUM OPINION

This cause comes before this court on defendants' motion for summary judgment (doc. 18). The court has considered said motion, briefs, all evidentiary submissions, and pleadings filed by the parties. Having considered all of the foregoing, the court concludes that the motion for summary judgment is due to be granted on all counts of the complaint.

### BACKGROUND

In a light most favorable to plaintiff the facts are as follows:

On December 16, 1997, the position of Walker County engineering assistant II (EA II) became available. An advertisement was placed in a local newspaper regarding this vacancy. The advertised duties for this job included various skills in design and



construction inspection.[1] (Defendants' Exhibit E). "[C]omputer aided drafting utilizing Autocad" was one of the listed requisite qualifications. (Defendants' Exhibit E). Plaintiff applied for the position.

Plaintiff had fourteen years experience constructing bridges and roadways at the time she applied for the position. (Peak depo. p. 20). Part of her bridge construction experience involved the Sipsey River Bridge. (Peak depo. p 64). This bridge is located in Walker County and was still under construction at the time plaintiff applied. Plaintiff had completed some college courses, included trigonometry and pre-calculus. (Peak depo. 14-15). She was certified to perform concrete inspection and had experience in drill shaft procedures. (Peak depo. p. 64). According to plaintiff, she could perform all the duties of the position as they were listed in the advertisement. She did not have computer experience or experience with the program Autocad. (Peak depo. p. 60-61; Defendants' Exhibit F).

The Walker County Civil Service Board is responsible for building registers of eligibles for all classified positions within the county. (Harbinson depo. p. 8-11). The

---

[1] The advertised duties were as follows:
"This employee performs one or more of the following duties: transitman in laying out construction work or surveying, serves as highway or bridge project inspector; plots alignment, topography and profile from field notes; figures and checks cross section excavations, earthwork quantities and project costs; performs inspections and simple field and laboratory tests on soils aggregates, mixes, concrete pipe, steel and timber; assists in soil, material and foundations surveys; assists in making road inventories, traffic counts and special planning studies; performs related duties as required."
(Defendants' Exhibit E).

2

Board gives tests to potential applicants and then ranks the applicants based on their respective scores. (Harbinson depo. p. 9-10). The rules and regulations for the Walker County Civil Service Board require a register for every classified position, however the Board does not maintain a register for positions in the engineering department. (Harbinson depo. 12-13).

David Edgil, who is the Walker County engineer, made the hiring decision regarding EA II. He did not conduct formal interviews regarding the position. (Edgil depo. p. 43). Edgil claims he spoke with the plaintiff about three weeks prior to her applying for the EA II position. (Edgil depo. p. 53-54; Defendants' Exhibit F). According to Edgil, plaintiff told him of her lack of computer experience in this conversation. (Edgil depo. p. 54; Defendants' Exhibit F). Plaintiff claims this conversation never took place. (Peak declaration paragraph 1).

Plaintiff was not offered the EA II position. The position was initially offered to Barbara Burns. (Burns depo. p. 49-50). Barbara Burns rejected the offer and Edgil offered the job to Charley Dunn. (Edgil depo. p. 51-52). Dunn had worked for Edgil when Edgil was in the private sector. (Edgil depo. p. 43-45). Dunn had not taken any college courses at the time he was hired and was working as a land surveyor. (Defendants' Exhibit F). Dunn had held three jobs, each for less than two years, prior to being hired by Walker County. (Defendants' Exhibit F).

## SUMMARY JUDGMENT STANDARD

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the

pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since the complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp.,* 477 U.S. at 322-23. The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrates the absence of a genuine issues of material fact. *Id.* at 323. The burden then shifts to the nonmoving party to "go beyond the pleadings and by ... affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, Fed. R. Civ. Pro. 56(e). In meeting this burden the nonmoving party "must do more than simply show that there is a metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). That party must demonstrate that there is a "genuine issue for trial." Fed.R.Civ.P. 56(c); *Matsushita*, 475 U.S. at 587, *see also Anderson*, 477

U.S. at 249. The non-movant must "demonstrate that there is indeed a material issue of fact precluding summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir.1991). A factual dispute regarding a non-material issue will not preclude the defendant from succeeding on a motion for summary judgment. *Brown v. American Honda Motor Co.*, 939 F.2d 946, 953 (11th Cir.1991).

On motions for summary judgment, the court shall construe the evidence and factual inferences arising therefrom in the light most favorable to the nonmoving party. See *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The substantive law will identify which facts are material and which are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All "reasonable doubts" about the facts and all justifiable inferences are resolved in favor of the non-movant. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). However, all "doubts" need not be so resolved. *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987).

A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Id.* at 249. The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Holcombe v. Alabama Dry Dock & Shipbuilding*, 1998 WL 758012 (S.D.Ala.); citing *Anderson*, 47 U.S. at 251-252.

**LEGAL ANALYSIS**

Plaintiff claims she was the victim of gender discrimination when she was not offered the EA II position. (doc. 1). Plaintiff alleges two counts for relief based on this discrimination: Title VII and 42 U.S.C. §1983. (doc. 1). The elements for these two causes of action are the same when plead in tandem. *Hardin v. Stynchcomb*, 691 F.2d 1364, 1369 n. 16 (11th Cir. 1982). When these claims are supported by circumstantial evidence they are evaluated under the same analytical framework as established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *Thigpen v. Bibb Co.*, 223 F.3d 1231, 1239 (11th Cir. 2000); *Harris v. Shelby County Bd. of Educ.*, 99 F.3d 1078, 1082-1083 (11th Cir. 1996).

To prevail on a gender discrimination claim, plaintiff must prove the employment decision was taken "because of the plaintiff's sex." *EEOC v. Joe's Stone Crab, Inc.*, 220 F.3d 1263, 1273 (11th Cir. 2000). Plaintiff can prove discriminatory intent through either direct or circumstantial evidence. *Id.*, at 1285. Direct evidence is evidence from which a reasonable fact finder "could find, more probable than not, a causal link between an adverse employment action and a protected personal characteristic." *Wright v. Southland Corp.*, 187 F.3d 1287, 1293 (11th Cir. 1999). Circumstantial evidence of intentional discrimination may be proven through the familiar *McDonnell Douglas* burden shifting framework. *See Maniccia v. Brown*, 171 F.3d 1364, 1368 (11th Cir. 1999); *Holifield v. Reno*, 115 F.3d 1555, 1564 (11th Cir. 1997).

Plaintiff has not offered any direct evidence of discriminatory intent, therefore the

circumstantial evidence analysis must be applied. *Walker v. Mortham*, 158 F.3d 1177, 1183 (11th Cir. 1998). Under this analysis, a plaintiff must establish a prima facie case of intentional discrimination. *Walker,* 158 F.3d at 1183. To establish a prima facie case of intentional gender discrimination, plaintiff must prove: (1) that she is a member of a protected minority; (2) that she was qualified and applied for the position; (3) that she did not receive the position; and (4) after her rejection the position remained open and was eventually filled by other equally or less qualified persons who are not members of the protected minority. *D. Lee v. GTE Florida, Inc.,* 226 F.3d 1249, 1253 (11th Cir. 2000); *Taylor v. Runyon,* 175 F.3d 861, 866 (11th Cir. 1999); *Walker v. Mortham,* 158 F.3d 1177, 1188-1189 (11th Cir. 1998).

Plaintiff has failed to establish the second element of the prima facie case requirement. She has not proven that she was qualified for the position. The advertisement for the position listed the requisite applicant qualifications. (Defendants' Exhibit E). Every candidate had to have "two years full time experience in . . . computer aided drafting utilizing Autocad." *Id.* The position she was applying for had been previously held by Stuart Upton. (Edgil depo. p. 26). Upton was responsible for the department's design work and he used the Autocad program for all of the design work. (Edgil depo. p. 26).

The two candidates who were offered the position both had computer experience and specific experience with the Autocad program. (Edgil depo. p. 48, 52). Plaintiff disputes Edgil's contention that the two spoke of her computer experience, however she

admits that she has minimal experience with computers in general and has had no computer training. (Peak depo. p. 33). She also admits that she has never worked with computers in any of her previous work experience. *Id.* She clearly does not meet the required qualification of having "two years full time experience in . . . computer aided drafting utilizing Autocad." (Defendants' Exhibit E).

Because plaintiff has failed to establish that she was qualified for the position, she has also failed to establish a prima facie case of gender discrimination. Therefore summary judgement is due to be **GRANTED** for the defendants on all counts found in the complaint.[2]

**DONE** and **ORDERED** this the _16_ day of November, 2000.

INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff mentions in her brief that defendant Walker County Civil Service Board did not file a motion for summary judgement, however due to the fact that plaintiff is not a "qualified individual" summary judgement is due to be granted for all defendants.